AO 91 (Rev. 01/09)   Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

OCT 18 2010

JAMES R LARSEN, CLERK
DEPUTY
YAKIMA, WASHINGTON

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| HERMINO GARCIA ROJAS | ) | Case No.   MJ-10-4200-1 |
| | ) | |
| | ) | |
| _Defendant_ | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of   08/02/2010   in the county of   Yakima   in the   Eastern   District of
Washington   , the defendant violated   21   U. S. C. §   841(a)(1)   , an offense described as follows:

did knowingly and intentionally possess with intent to distribute and aid and abet in the possession with intent to
distribute Methamphetamine, a Schedule II controlled substance

This criminal complaint is based on these facts:

See attachment

☑ Continued on the attached sheet.

_Complainant's signature_

Jay Miller, Special Agent ATF
_Printed name and title_

Sworn to before me and signed in my presence.

Date:   10/18/2010

_Judge's signature_

City and state:   Yakima, Washington

JAMES P. HUTTON, U.S. Magistrate Judge
_Printed name and title_

AUSA Assigned: Thomas J. Hanlon

COMPLAINT ATTACHMENT

I, Joel E. Miller, Jr., being duly sworn, depose and say: that I am a Special Agent with the Bureau of Alcohol, Tobacco & Firearms (ATF) and have been so employed since August 23, 2004. I am assigned to the Seattle Division, Yakima Field Office, in the Eastern District of Washington. I have completed the twelve (12) week Criminal Investigator Training Program and the fourteen (14) week Special Agent Basic Training course at the Federal Law Enforcement Training Center in Glynco, Georgia. These courses consisted of classes in federal law, evidence handling, interviewing techniques, firearms investigations, explosive investigations, arson investigations and tactical training in the execution of search and arrest warrants. I have completed a Complex Case Investigations class lasting one (1) week. The course consists of instruction on how to identify, investigate and prepare for prosecution "RICO", "Continuing Criminal Enterprise", and "Hobbs Act" violation criminal cases. I have been a member of the California Gang Investigators Association as well as attended numerous training's put on by the International Latino Gang Investigators Association. I also have received a Bachelor of Science degree in Accountancy and Government from California State University, Sacramento in June of 2001.

The facts set forth in this declaration have been derived from the above described training and experience, as well as from other ATF agents and Officers with the City of Yakima.

This declaration is submitted in support of a complaint for Hermino Garcia ROJAS and Hugo Enrique DAVADI. Because this affidavit is being submitted solely for establishing probable cause in support of the complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts necessary to support the complaint.

On August 2, 2010, TFO Randy Baker instructed an YPD confidential informant (CI), who has been provided accurate and reliable information in the past, to inquire with ROJAS if he had any narcotics for sale. The CI contacted TFO Baker and informed him that ROJAS had 2 – 3 "eight balls" (slang for 1/8th of an ounce) of methamphetamine available for $190.00 per "ball." TFO Baker and SA Miller agreed to purchase up to three "balls" for $570.00. TFO Baker instructed the CI to contact ROJAS and set up the deal.

Prior to the deal SA Miller and TFO Baker met with the CI at a predetermined location. TFO Baker searched the CI for any contraband or large sums of currency. None were found. TFO Baker then gave the CI $570.00 in pre-recorded funds. SA Miller placed a transmitter/recorder on the CI's person.

Prior to the CI's arrival surveillance units set up in the area of ROJAS' residence. SA Miller and TFO Baker kept the CI under observation until other surveillance units could. SA Miller could overhear conversations with the CI due to the transmitter. SA Miller heard the CI talking to ROJAS about who was going to go get the methamphetamine. SA Miller then heard the CI agree with ROJAS. The CI then contacted TFO Baker and informed him that both the CI and ROJAS were going to get the methamphetamine from another person.

Shortly after the conversation, Sgt. Erik Hildebrand observed ROJAS, the CI, and another Hispanic male get into a tan Honda Accord and leave the residence. Surveillance units followed the tan Honda to the parking lot north of Dairy Queen. Sgt. Hildebrand observed a male on a small motorcycle (later identified as DAVADI) approach the tan Honda. ROJAS got out of the Honda, met with the male on the motorcycle, then walk back to the tan Honda. Surveillance units observed the male on the motorcycle drive off towards 113 N. 8th Street via the alley. ROJAS' meeting with the male on the motorcycle lasted approximately one minute.

Surveillance units observed the CI until SA Miller and TFO Baker made contact at a predetermined location. SA Miller took custody of the suspected methamphetamine and the transmitter from the CI. TFO Baker then searched the CI for any contraband or large sums of currency. None were found.

TFO Baker asked the CI what happened. The CI told TFO Baker that ROJAS (front passenger seat), an unknown Hispanic male (the driver), and the CI went to meet the methamphetamine source (DAVADI). The CI said once they had parked in the parking lot, DAVADI drove up on a motorcycle. The CI gave the money to ROJAS who then met with DAVADI on the motorcycle. ROJAS then walked back to the car and gave the suspected methamphetamine to the CI.

On August 3, 2010, SA Miller tested the suspected methamphetamine using a NIK test kit. The result of the test was presumptive positive for the presence of methamphetamine.

On August 6, 2010, SA Miller sent the methamphetamine to the DEA Western Regional Lab for quantitative analysis.

On September 9, 2010, SA Miller received the results of the lab test.  The lab report listed the purity of the drug at 98.9% with the amount of actual drug being 10.6 grams.

Based on the foregoing, I believe Herminio Garcia ROJAS and Hugo Enrique DAVADI to have possessed contraband narcotics on August 2, 2010, in violation of 21 U.S.C. § 841(a)(1).

JOEL E. MILLER
SPECIAL AGENT
BUREAU OF ALCOHOL, TOBACCO, FIREARMS & EXPLOSIVES


SUBSCRIBED AND SWORN to before me this ___18TH___ day of October 2010.

James P. Hutton
United States Magistrate Judge